

FILED WITH THE
COURT SECURITY OFFICER
CSO:
DATE: 4-2-09

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MOHAMMED AL-ADAHI, et al., :
:
:
    Petitioners, :
:
    v. :    Civil Action No. 05-280 (GK)
:
BARACK H. OBAMA, et al., :
:
    Respondents. :
:

### ORDER

A Status Conference was held in this case on April 1, 2009, which took place in a sealed courtroom due to the discussion of classified information. Upon consideration of Petitioner Al-Adahi's Motion for Discovery Under Section 1.E.2 of the Case Management Order [Dkt. No. 296], the Opposition, Reply, representations of the parties, and the entire record herein,[1] it is hereby[2]

**ORDERED**, that Document Request No. 1 is **granted**. The Government certified that it has produced information responsive to

---

[1] Any mention herein of "consolidated files" refers to the JTF-GTMO/OARDEC files.

[2] Unless otherwise specified, all matters in the Document Request are included in the Court's Order.

two of the three specific requests made by the Petitioner.  For that one remaining request -- ████████████████████████ ████████████████████ referenced in ISN 33 FD-302 (8/16/02) -- the Government shall produce the requested documents.  Further, the Government will confirm whether its representation is accurate that it has provided to Petitioner all documents related to each interrogation in which the Petitioner made statements that challenged the Government's allegations against him; and it is further

ORDERED, that Document Request No. 2 is **granted in part, denied in part, and stayed in part.**  To the extent that the Government has not already done so as part of its production of exculpatory evidence, it shall produce interrogation logs or plans for those interrogations of the Petitioner that elicited statements upon which the Government relies to justify its detention.  Petitioner's request for the most up-to-date ██████████████ ████████ is stayed.  Parties shall confer on the issue.  If Petitioner wants to pursue his request for the document, he will be permitted to re-submit that portion of the request.  The Government will have five days to respond in the event that the request is re-submitted.  If the Petitioner chooses not to pursue this request, he shall notify the Court of his decision; and it is further

-2-

ORDERED, that Document Request No. 3 is **denied** without prejudice, because it sweeps too broadly. Petitioners may, if they choose, amend their request to narrow what they ask of the Government; and it is further

ORDERED, that Document Request No. 4 is **granted**. To the extent that the Government has followed up on the information-gathering suggested in ███████████████, it shall produce documents collected in that process; and it is further

ORDERED, that Document Request No. 5 is **denied** without prejudice, because Petitioner withdraws the request at this time. If the Government decides to rely on information related to this request, it must provide notice of that decision within three days of making it; and it is further

ORDERED, that Document Request No. 6 is **denied** without prejudice. Petitioner may, if he chooses, amend his request to narrow what he is asking of the Government. Such an amended request should be limited to specific individuals who Petitioner can identify by name, who he alleges worked for ███████████, and who he alleges are not enemy combatants; and it is further

ORDERED, that Document Request No. 7 is **denied**, because the Government certified that it has satisfied this request in

fulfilling its obligation to produce exculpatory information, and because Petitioner has made no specific allegations of abuse or torture; and it is further

ORDERED, that Document Request No. 8 is **granted in part and denied in part** as moot. The request for a copy ████████████ ████ are denied as moot because the Government represented that it conducted a search for these items, and concluded on the basis of that search that it does not have the items in its possession. The request for ████████████ is granted; the Government will conduct a search for it. If they are able to locate ████████, they will allow the Petitioner to inspect it; and it is further

ORDERED, that Document Request No. 9 is **denied** without prejudice. Petitioner may, if he chooses, amend his request to narrow what he is asking of the Government; and it is further

ORDERED, that Document Requests No. 10 and No. 11 are **denied**, because the Government certified that it has satisfied the requests in fulfilling its obligation to produce exculpatory information. Further, Document Request No. 10 sweeps too broadly; and it is further

ORDERED, that Document Request No. 12 is denied, because it was withdrawn by Petitioner; and it is further

ORDERED, that Document Requests No. 13 and No. 14 are **granted**

in part and denied in part. The Government must produce any documents or other information that relate to any formal requirements or procedures for becoming a member of Al Qaida; and it is further

ORDERED, that Document Request No. 15 is **denied**, because it sweeps too broadly; and it is further

ORDERED, that Document Request No. 16 is **denied** without prejudice. Petitioner may, if he chooses, amend his request to narrow what he is asking of the Government. Such an amended request should be limited to specific individuals who are alleged to have stayed in guesthouses with Petitioner, and who Petitioner alleges are not enemy combatants; and it is further

ORDERED, that Document Request No. 17 is **denied**, because the Government represented that it has satisfied this request in fulfilling its obligation to produce exculpatory information; and it is further

ORDERED, that Document Request No. 18 is **stayed**. The Government will confirm whether its representation is accurate that its policy was to omit from the Factual Return any inculpatory evidence collected from a polygraph examination and include any exculpatory evidence collected from a polygraph examination. If the Government cannot file a notice to this effect, and it

■

determines that such an examination was administered, the Court will grant the Document Request, and the Government shall produce documents related to such an examination; and it is further

ORDERED, that Document Requests No. 19 and No. 20 are **stayed**. By April 10, 2009, Petitioner shall notify the Court as to whether he wants to pursue his requests for these documents. If so, the Petitioner's requests should be fashioned as narrowly as possible and should include particularized information; the Government shall have five days to respond to the requests, if they are made; and it is further

ORDERED, that Document Request No. 21 is **granted**; and it is further

ORDERED, that Document Request No. 22 is **denied**, because it sweeps too broadly; and it is further

ORDERED, that Document Request No. 23 is **denied**, in view of the fact that the Government certified that it has satisfied these requests in fulfilling its obligation to produce exculpatory information; and it is further

ORDERED, that Document Request No. 24 is **denied**, because it sweeps too broadly; and it is further

ORDERED, that Document Requests No. 25 and 26 are **granted** in part. The Government shall produce under No. 25 those photographs

used to identify Petitioner. The Government shall produce under No. 26 those photographs, if any, shown to other detainees who ███████████████████████████████████████████████ and it is further

ORDERED, that Document Request No. 27 is **denied**, because it sweeps too broadly; and it is further

ORDERED, that Document Request No. 28 is **denied**, because Petitioner has withdrawn the request.

April 2, 2009

/s/ *Gladys Kessler*
Gladys Kessler
United States District Judge

Copies to: Attorneys of Record via ECF